## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**JAMES CURRY, # T5448**                                              **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 3:13cv811-CWR-FKB**

**EMCF STAFFS HOST, ARP MEDICAL,
COUNSELOR, I.L.A.P. ADMINISTRATION
OFFICERS, SECURITY MDOC, LEE
COUNTY, MONROE COUNTY, LEGAL
ASSISTANCE PROGRAM, RAY RICE,
WARDEN J. BUSCHER, CAPTAIN
THOMAS, CAPTAIN DYKES, CAPTAIN
MCDONALD, COUNSELOR GIBSON,
JOYCE GRAHAM, NURSE DUFF, NURSE
DUNN, NURSE JONES, NURSE SMITH,
NURSE EVANS, OFFICER KING,
LIEUTENANT MS. LEE, LIEUTENANT
MR. LEE, COUNSELOR POWE,
SERGEANT WILLIE, LIEUTENANT
MASON, CASE MANAGER SMITH,
COUNSELOR MOSES, COUNSELOR
DUNN, TONYA HOUSTON, MICHAEL
WHITE, UNIT MANAGER ANDERSON,
UNIT MANAGER BENDER, UNIT
MANAGER HOLLIS, UNIT MANAGER
DAVIS, OFFICER MCNEIL, SERGEANT
TELFOR, OVEN LOWE, MITCHELL
DOOMER, OFFICER EVANS,
COUNSELOR NAYLOR, CAPTAIN
WOOTEN, SERGEANT DALANIE,
SERGEANT BROWN, LIEUTENANT
HOGGIE, CASE MANAGER KELLY, and
COUNSELOR NICKSON**                                              **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

This matter is before the Court *sua sponte* for consideration of dismissal.  *Pro se* Plaintiff

James Curry is incarcerated with the Mississippi Department of Corrections.  He filed this action

for damages, injunctive, and habeas relief, challenging his conditions of confinement, his

convictions, and sentences.  The Court has considered and liberally construed the pleadings.  As set

forth below, Defendants Lee and Monroe Counties, Warden J. Buscher, Captains Thomas and McDonald, Counselor Gibson, Joyce Graham, Officer King, Sergeant Willie, Case Manager Smith, Michael White, Officer McNeil, Sergeant Telfor, Counselor Naylor, Captain Wooten, Sergeants Dalanie and Brown, Lieutenant Hoggie, Case Manager Kelly, and Counselor Nickson are dismissed.

## BACKGROUND

Curry was convicted of possession of cocaine in both Lee and Monroe Counties. *Curry v. Miss. Dep't of Corrs.*, No. 3:13cv76-FKB at 1-2 (S.D. Miss. June 7, 2013) ("*MDOC I*"). Judge Jim Pounds presided over both cases. *Id.* at 2. Now, Curry is incarcerated at East Mississippi Correctional Facility.

Curry initiated this action on December 31, 2013, challenging the conditions of his confinement at the prison and also challenging his convictions and sentences. He claims that the Counties wrongfully convicted him in violation of his right to effective assistance of counsel and a speedy trial. He also claims these Defendants did not credit his sentence with time served, pretrial.

As for Curry's present incarceration at EMCF, he sues the remaining Defendants for a myriad of claims. Some of these remaining Defendants include Buscher, Thomas, McDonald, Gibson, Graham, King, Willie, Case Manager Smith, White, McNeil, Telfor, Naylor, Wooten, Dalanie, Brown, Hoggie, Kelly, and Nickson. As is relevant to them, Curry alleges he was denied a mattress, soap, toilet tissue, clothes, and a shower, and was confined to a dirty cell with no cleaning supplies, no light, and with water constantly on the floor. He also claims a failure to protect him from fellow inmates. Some of these attacks are allegedly from gang members who have attacked him for not paying them money, and they are allegedly threatening to attack him again for

2

the same reason.  He also contends he was denied medical and mental health treatment.  He complains that he was told that his grievances were backlogged.  He contends that his legal mail was destroyed and property lost.  Finally, he claims he was cursed and harassed.  He asks the Court to grant him damages, transfer him to a prison in either Chickasaw or Monroe County, Mississippi, and correct his sentences.

This is not the first case in which Curry has brought these particular claims.  In *MDOC I*, he brought the convictions claims against the Lee and Monroe County Circuit Courts and brought the sentence claims against the Lafayette County Jail.  The courts were dismissed under judicial immunity, and all three were dismissed per *Heck v. Humphrey*, 512 U.S. 477 (1994).  *Id.* at 5-7.  He brought the Lee County habeas claims in *Curry v. Pounds*, No. 1:13cv149-SA-DAS (N.D. Miss.), and that case is still pending.  Finally, in *Curry v. EMCF Host Remedies*, No. 3:13cv1068-CWR-FKB (S.D. Miss.), the identical conditions claims were brought against individual Defendants listed previously.  That case was filed prior to the instant case and is still pending before the undersigned.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court.  One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "[I]n an action proceeding under [28

3

U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Curry to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

THE COUNTIES

Curry sues the counties of his convictions, alleging he was denied effective assistance of counsel, a speedy trial, and credit for time served. He seeks damages, under 42 U.S.C. § 1983, and release.

I.    SECTION 1983

First the Court addresses the § 1983 claims for damages. As the Court previously found when Curry sued the state courts, "Because Curry attacks his convictions based on perceived flaws during the criminal proceedings, he is actually suing the trial judge." *MDOC I*, No. 3:13cv76-FKB at 4.

Moreover, the speedy trial and ineffective assistance claims against Judge Pounds have already been held to be barred by judicial immunity in this case. *Id.* This was a final judgment, which Curry did not appeal.

As for whether or not Judge Pounds sentenced Curry correctly, this claim is also about an action taken in the course and scope of Judge Pounds's role as judge over Curry's criminal cases. A judge enjoys absolute immunity from a civil action when performing within his judicial capacity. *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995). "Absolute immunity is immunity from suit

4

rather than simply a defense against liability, and is a threshold question 'to be resolved as early in the proceedings as possible.'"  *Id.* (quoting *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994)). Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

The Fifth Circuit Court of Appeals announced a four factor test to determine whether a judge acted within the scope of his judicial capacity.  *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). The four factors are:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Id.* at 515.  In applying the four factors to the facts alleged, it is clear that Judge Pounds is absolutely immune from this lawsuit.  The decision as to what sentence to impose is clearly within the normal judicial function which arose out of his official capacity.  Furthermore, there is no indication that his actions occurred outside the courtroom or his chambers.  The controversy undisputedly centers around criminal cases pending before him.  Consequently, this Court finds that Curry cannot maintain an action pursuant to § 1983 against the Counties or Judge Pounds.

II.    HABEAS

Construing Curry's *pro se* Complaint liberally, the Court finds that he is also making habeas claims under 28 U.S.C. § 2254.  This is because he seeks release from custody.

 First, Curry already has a pending habeas action, concerning his Lee County conviction. Second, before he can pursue habeas claims in this Court, he must exhaust his available state

remedies. 28 U.S.C. § 2254(b)(1)(A). This gives "the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). Curry does not allege that he has exhausted his state remedies. He is aware of this requirement as he has had habeas claims dismissed twice already for failure to exhaust. *Curry v. Miss. Dep't of Corrs.*, No. 1:13cv20-SA-JMV at 4 (N.D. Miss. Nov. 13, 2013) (Monroe County conviction); *MDOC I*, No. 3:13cv76-FKB at 8 (both). For these reasons, the Court declines to consider the habeas claims at this time. They are dismissed without prejudice.

BUSCHER

Curry brings conditions of confinement and failure to protect claims against Warden Buscher. Specifically, Curry alleges Buscher denied him a mattress, soap, tissue, and clothes. Curry also contends he was confined to a dirty cell, with no cleaning supplies or light and with water constantly on the floor. He alleges also that Buscher failed to protect him from assaults by fellow inmates that occurred on October 15, and December 10, 2013. Finally, Curry claims that Buscher is deliberately indifferent to an imminent risk that these same inmates will again attack Curry in an attempt to extort money from him. These identical claims against Buscher were pending in *EMCF Host Remedies* at the time this case was filed, and they remain pending today.

It is "'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). Since these claims were pending when the present action was filed, they are dismissed as malicious. Buscher is dismissed without prejudice as to the prior pending lawsuit of *EMCF Host Remedies* and is dismissed with prejudice in all other respects. *Id.* This dismissal counts as a strike under §

1915(g).

T<span>HOMAS</span>

Curry brings conditions, failure to protect, and denial of medical treatment claims against Thomas.  Curry claims Thomas labeled him as a snitch to other inmates and failed to protect him from alleged inmate attacks on October 15, and December 10, 2013.  Curry claims a current failure, by Thomas, to protect him from a future attack by inmates.  Curry alleges that Thomas has denied him a mattress and clothes and that Thomas is deliberately indifferent to the fact that Curry has no light and has water on the floor in his cell.  Finally, he alleges that Thomas denied him medical treatment for three weeks preceding August 6, 2013.  Curry claims that on August 6 he:

> spoke with Nurse Atwood about my illness throwning [sic] up pass [sic] out and other she [sic] told me from [sic] over 3 week[s] she being [sic] trying to get . . . Capt[.] Thomas an other [sic] to bring me down there[,] but they refuse to bring me for my medical Atti. [sic]

(Compl. at 39).

These identical claims against Thomas were pending in *EMCF Host Remedies* at the time this case was filed.  Therefore, they are malicious.  He is likewise dismissed.

M<span>CDONALD</span>

Curry next brings denial of medical treatment and failure to protect claims against McDonald.  Curry alleges that McDonald denied him medical treatment on August 15, 2013, when, "Capt[.] McDonald made me leave the clinic when I was tried [sic] to get my Health taken care off. [sic]  [A]fter 2 month[s] from Jun 25 until Aug 15[,] 2013 and to get my sugar blood [sic] pressure straig[ht] an [sic] pain that I'mend. [sic]."  *Id.* at 57.  Curry also maintains that McDonald has labeled him a snitch to other inmates, failed to protect him from an inmate assault on October 15, and is presently deliberately indifferent to the likelihood that Curry will be attacked again.

7

These identical claims against McDonald were pending in *EMCF Host Remedies* at the time this case was filed.  Therefore, they are malicious, and he is likewise dismissed.

GIBSON

The next claim is that Gibson, who is a counselor at EMCF, denied Curry mental health treatment, when she refused to talk to him.

This identical claim against Gibson was pending in *EMCF Host Remedies* at the time this case was filed.  Therefore, this claim is malicious, and she is dismissed.

GRAHAM

Next, Curry sues the Administrative Remedy Program Coordinator Joyce Graham.  He claims that his November 18, 2013, Administrative Remedy request was backlogged.  Consequently, he received a letter from Graham on December 2, which read, "Your most recent request for Administrative Remedy is being set aside for handling in due course.  If you wish to have your request handled now through the Administrative Remedy Program, you may withdraw (in writing) all pending ARP's."  (Dkt. 4 at 6).  Therefore, he accuses her of, "Trying to tell me to drop and quick [sic] doing Arp [sic] and going with staff to make me drop ARP."  (Dkt. 15 at 1).

Curry raises the same backlog issue against Graham in *EMCF Host Remedies*.  This particular claim was filed in that case on the same day it was filed in this case, pursuant to identical motions to amend.  The motions were filed December 30, 2013.  Therefore, the claim is malicious and duplicative.  She is likewise dismissed.

KING

Curry next alleges that King failed to protect him from an inmate assault on November 18, 2013.

8

This identical claim against King was pending in *EMCF Host Remedies* at the time this case was filed.  Therefore, the claim is malicious, and he is likewise dismissed.

WILLIE AND WHITE

Next, Curry claims that Willie and White failed to protect Curry from an inmate assault on October 15, 2013 and that these Defendants are deliberately indifferent to the risk that he will be attacked by inmates in the future.  He further claims Willie has "listed [Curry] as a snitch."  (Dkt. 3 at 5).

These claims were pending against these two Defendants in *EMCF Host Remedies* at the time this case was filed.  Therefore, they are maliciously brought in this action.  These two are dismissed.  CASE MANAGER SMITH

Next, Curry alleges that Case Manager Smith was deliberately indifferent to the fact that Curry was denied showers.  He further claims that Case Manager Smith is presently deliberately indifferent to the alleged risk that Curry will be subject to inmate attacks in the future.

These same claims against Case Manager Smith were pending in *EMCF Host Remedies* at the time this case was filed.  Therefore, they are malicious, and he is likewise dismissed.

MCNEIL

Next, Curry claims that his legal mail was destroyed by McNeil, on July 2, 2013.

Since this same claim was brought against McNeil in the prior pending case of *EMCF Host Remedies*, the claim is malicious.  He is dismissed.

TELFOR

Curry likewise claims that Telfor failed to protect him from an inmate assault on November 18, 2013, and that she is deliberately indifferent to an alleged imminent risk of inmate assaults on

Curry.

These claims were pending against Telfor in *EMCF Host Remedies* at the time this case was filed.  They are therefore malicious, and she is dismissed.

NAYLOR, WOOTEN, DALANIE, BROWN, HOGGIE, KELLY, AND NICKSON

Finally, on March 28, 2014, Curry filed identical motions to amend in this case and in *EMCF Host Remedies*.  The motion added the following Defendants and claims into both actions:

(1)    Counselor Naylor–Improper coun[s]elor, Lying, placing my life an Jeopary [sic].  Took my glass[es] when I can not see lost [sic] them wrong [sic] medication.

(2)    Capt[.] Wooten–Denied me proper medical attention, refuse to let me clean clothes, and placing my life an danger [sic]

(3)    Sg[t]. Brown–(fm)–Telling inmates I'm a snitch placing [sic] my refuse [sic] to let me clean [sic] life and danger [sic] refuse to give me state issue

(4)    Lt. Hoggie–Loose [sic] all my proper refuse [sic] to replace, Improper procedure

(5)    Case Manager Kelly–Still trying to place me on zone to get me kill[ed] where I got jump[ed] on and red-tag put and [sic] cell to rot Improper [sic] procedure.

(6)    Counselor Nickson–Improper procedure, cursing, sex harrismen [sic]

All these staff have abuse [sic] and condoning with [sic] abuse to this prison place and [sic] cell to rot refuse [sic] to let me clean cell.

(Dkt. 19 at 1).

These claims are therefore malicious and duplicative to those filed against these Defendants in *EMCF Host Remedies*, and they are dismissed.  These dismissals likewise count as a strike pursuant to § 1915(g).

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above,

Defendants Lee County and Monroe County should be and are hereby **DISMISSED**.  The § 1983 claims against them are dismissed **WITH PREJUDICE**, pursuant to judicial immunity.  The habeas claims are dismissed **WITHOUT PREJUDICE.**

  **IT IS FURTHER ORDERED AND ADJUDGED** that the claims against Defendants Warden J. Buscher, Captain Thomas, Captain McDonald, Counselor Gibson, Joyce Graham, Officer King, Sergeant Willie, Case Manager Smith, Michael White, Officer McNeil, Sergeant Telfor, Counselor Naylor, Captain Wooten, Sergeant Dalanie, Sergeant Brown, Lieutenant Hoggie, Case Manager Kelly, and Counselor Nickson are malicious.  They are **DISMISSED WITHOUT PREJUDICE** as to the prior pending lawsuit of *Curry v. EMCF Host Remedies*, civil action number 3:13cv1068-CWR-FKB and are dismissed **WITH PREJUDICE** in all other respects.  These dismissals count as a strike pursuant to 28 U.S.C. § 1915(g).  The remainder of the case shall proceed.

  **SO ORDERED AND ADJUDGED**, this the 15th day of April, 2014.


                *s/Carlton W. Reeves*
                UNITED STATES DISTRICT JUDGE

11